JAMES SCHULZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22281.   Promulgated February 20, 1951.

*Eli T. Scott, Esq.*, and *Herbert G. Bantz, Esq.*, for the petitioner.
*Michael Waris, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* The respondent has disallowed as a deduction from the petitioner's 1945 taxable income the sum of $9,304.40 claimed as entertainment expense, and a $400 item claimed as advertising expense. There is no serious dispute as to whether either of these sums was spent; the issue is whether they are deductible.

Entertainment expenses are allowed as a deduction from gross income only to the extent that they are "ordinary and necessary" in carrying on a trade or business. Section 23 (a) (1) [1] of the Internal Revenue Code. The requirements that the expense must be both ordinary and necessary must be strictly complied with, *Helvering* v. *Welch*, 290 U. S. 111, and whether contested expenditures are ordinary and necessary is primarily a question of fact. *Commissioner* v. *Heininger*, 320 U. S. 467. Proof is required that the purpose of the expenditure was primarily business rather than social or personal, and that the business in which taxpayer is engaged benefited or was intended to be benefited thereby. *Louis Boehm*, 35 B. T. A. 1106.

During 1945 petitioner elaborately entertained buyers and others connected with the jewelry business, personally spending about $7,000. In addition thereto approximately $2,000 was expended by his wife and employees on luncheons, drinks, weekend visits, conventions, suppers, theaters, and nightclubs. Approximately $3,400 of the $7,000 expended by petitioner personally was spent on suppers, theaters and nightclubs and other forms of evening entertainment. On these occasions petitioner would bring his wife and the party or parties he was entertaining would also bring their wives. There is little to distinguish these occasions from the usual social gatherings among friends to renew acquaintanceship and enjoy a pleasant evening. They bear little semblance to the usual gatherings of business people at restaurants or other places of entertainment which serve primarily as congenial meeting places for the discussion or negotiation of business matters. Petitioner made no attempt to show that the evening en-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

tertainment he offered his guests served this purpose or that all of it was directly related to the operations of his business.

These gatherings may have been desirable and helpful to the present and future success of petitioner's business, but this is usually true of all entertaining done by business or professional people for the purpose of acquiring or retaining the favor of patrons and clients. Such expenditures are nonetheless nondeductible absent a showing that they were ordinary and necessary to the taxpayer's business within the meaning of section 23 of the Internal Revenue Code. In *Louis Boehm, supra,* we stated:

We do not think the burden of proof is met by the petitioner's argument that in general, membership in social, political, and fraternal organizations is helpful in obtaining clients through contacts made thereby or the citing of one instance of gaining a client through acquaintance made at a political club. No evidence has been introduced to show that any part or all of the expenditures in question were so closely related to the conduct of the petitioner's business as to have been appropriate, helpful, usual, or necessary. It is noted that in cases where expenditures of a social nature have been held to be deductible business expenses proof was presented to show that such expenditures had a direct relation to the conduct of a business or the business benefits expected. Such proof has not been presented here to show that the expenditures are deductible under section 23 (a).

After taking into consideration the nature of the entertainment provided by the petitioner and the fact that it was undertaken at a time when he had more business than he could handle, we are not convinced that all of the expenditures in issue were made for purely business reasons or that the entire cost of such entertainment may be characterized as ordinary and necessary expense incident to the carrying on of the petitioner's business. An expense is deductible only if it complies with the strict requirements of section 23 and does not constitute a personal expense expressly disallowed by section 24.[2]

Moreover, the petitioner's attempt to deduct such nondeductible items as the cost of repairing an automobile, the cost of hotel rooms, tips, and meals on two occasions when, after a night of entertaining customers, he remained in New York after missing the train home, and the inclusion of $200 which had been placed in the petty cash fund but was not expended on entertainment, all create doubt as to the accuracy of the total deduction.

On the other hand, we are convinced that some part of the expenditures was prompted by strictly business considerations and should be characterized as ordinary and necessary expenses. Applying the rule of *Cohan* v. *Commissioner,* 39 Fed. (2d) 540, we have reached an ap-

---

SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;

proximation after a careful consideration of the testimony of petitioner and his wife and a close examination of the memoranda and other exhibits received in evidence. From all this evidence, we have concluded that $5,500 fairly represents the amount spent by the petitioner for ordinary and necessary business entertainment in 1945 and that amount is properly deductible under section 23 (a) (1) of the Internal Revenue Code.

The petitioner has included in his advertising expense the sum of $400 spent in entering his horse named "Schulztime" in a horse show and for such items as horse show programs and trophies. Petitioner has not satisfactorily shown how these expenditures were calculated to advertise or publicize his business. There is no evidence that the petitioner called the attention of those persons attending the horse shows to the fact that he was a dealer in watches by advertising in the horse show program. Cf. *Rodgers Dairy Co.*, 14 T. C. 66. There is an inference in the record that the name "Schulztime" was relied on by petitioner to publicize his business but if this be true the name chosen was so subtle and the entry of a horse in a show so far removed from the petitioner's business that it could not reasonably have been expected to publicize the business. In our opinion, the $400 so expended was not an ordinary and necessary business expense within the meaning of section 23 (a) (1) of the Code and the Commissioner's disallowance of the deduction is sustained.

*Decision will be entered under Rule 50.*