T.C. Memo. 1999-174


UNITED STATES TAX COURT


CHRYS L. UDOH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22424-97.                    Filed May 21, 1999.


Chrys L. Udoh, pro se.

<u>Lindsey D. Stellwagen</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 1994 and 1995 Federal income taxes in the amounts of $5,813 and $3,036, respectively. Respondent also determined an addition to tax under section 6651(a)(1) in the amount of $1,431 for failure to timely file a 1994 Federal income tax return. Petitioner filed a timely petition with this Court. At the time of filing the petition, petitioner resided in Washington, D.C.

The issues for decision are: (1) Whether petitioner is entitled to deduct claimed Schedule C expenses in amounts in excess of those allowed by respondent; (2) whether petitioner failed to report $1,098 in income received from sales of insurance in 1994; (3) whether petitioner failed to include $440 in income received from a retirement plan distribution in 1994; (4) whether petitioner is subject to a 10-percent tax on a premature distribution from a retirement plan in 1994, as provided under section 72(t); and (5) whether petitioner is subject to the addition to tax under section 6651(a)(1) for failure to file a timely Federal income tax return for tax year 1994.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

During the period 1987 through 1994, petitioner sold insurance for United American Insurance Company (hereinafter United). Petitioner received $1,098 in compensation from United in 1994. Upon his resignation from United in 1994, petitioner received a distribution in the amount of $1,422 from his retirement fund. Petitioner used this money to establish a mail-order business, and was issued a "Sales and Use Tax Certificate of Registration" from the Government of the District of Columbia on September 13, 1995. Also during 1994 and subsequent years, petitioner studied law through Kensington University College of Law, an unaccredited law school in California. Petitioner paid $650 to the State Bar of California for law school examination fees in 1994 and $300 for law school examination fees in 1995.

Petitioner attached two Schedules C to each of his 1994 and 1995 Federal income tax returns. The Schedules C reflect the following:

## 1994

### Schedule C: "Sales Person"

| | | |
|---|---:|---:|
| Advertising | | $934 |
| Car & truck expense | | 4,588 |
| Legal & professional services | | 655 |
| Office expense | | 1,485 |
| Travel | | 2,156 |
| Other expenses: | | |
|   Beeper, phone | $849 | |
|   Subscriptions & law books | 974 | |
|   Clothing, shoes & maintenance | 728 | |
|   Seminars | 593 | |
|   Continuous legal education | | |
|    & examination fees | 1,935 | 5,079 |
| Total | | |
| | | 14,897 |

### Schedule C: "Clothing And Accessories"

| | | |
|---|---:|---:|
| Cost of goods sold | | $3,128 |
| Expenses: | | |
|   Advertising | | 455 |
|   Supplies | | 826 |
|   Taxes & licenses | | 312 |
|   Other expenses: | | |
|    Transportation | $1,508 | |
|    Freight charges & postage | 651 | |
|    Location rentals | 765 | |
|    Telephone | 493 | 3,417 |
|   Total | | |
| | | 8,138 |

## 1995

### Schedule C:  "Insurance Agent"

| | | |
|---|---:|---:|
| Travel | | $796 |
| Other expenses | | |
|   Transportation, parking & tolls | $3,194 | |
|   Subscriptions | 145 | |
|   Beeper, phone | 987 | |
|   Continuous education | 2,500 | |
|   Professional examination | 600 | 7,426 |
| Total | | |
| | | 8,222 |

Schedule C:  "Accessories And Apperals [sic]"

| | | |
|---|---:|---:|
| Cost of goods sold | | $2,546 |
| Expenses: | | |
|   Advertising | | 255 |
|   Legal & professional services | | 250 |
|   Supplies | | 982 |
|   Taxes & licenses | | 216 |
|   Travel | | 1,695 |
|   Meals & entertainment | | 397 |
|   Other expenses: | | |
|     Transportation | $967 | |
|     Telephone | 825 | |
|     Freight charges & postage | 483 | |
|     Location rentals | 396 | 2,671 |
|   Total | | 9,012 |

Petitioner filed his 1994 return on May 3, 1996.  Petitioner timely filed his 1995 return.  Upon examination of the returns, respondent disallowed all of petitioner's claimed expenses[2] and cost of goods sold for 1994 due to lack of substantiation. Additionally, respondent adjusted petitioner's income for 1994 to include $1,098[3] received from United and $440 for the taxable portion of petitioner's retirement distribution.  Respondent asserted a 10-percent tax of $44 on the early distribution of petitioner's retirement fund.  Respondent disallowed all but $452

_____

[2]    Petitioner's expenses listed on the 1994 Schedule C, "Clothing and Accessories", totaled $5,010.  We note the notice of deficiency contains a typographical error with regard to the disallowance of these expenses.  Although respondent disallowed petitioner's expenses for 1994 in full, the notice of deficiency lists the total amount of expenses disallowed as $5,001.

[3]    The parties have stipulated $1,098 as the amount of income petitioner received from United.  United issued petitioner a Form 1099-MISC for 1994 reflecting income paid in the amount of $1,098.39.  However, the notice of deficiency increased petitioner's income by the amount of $1,097.

of petitioner's claimed expenses, and he also disallowed $1,002 of cost of goods sold for 1995 due to lack of substantiation.

Discussion

1.   Schedule C Expenses

Deductions are a matter of legislative grace, and a taxpayer seeking a deduction must establish his entitlement to the deduction claimed.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) generally provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  To be entitled to a deduction under section 162(a), a taxpayer is required to substantiate the deduction through the maintenance of books and records.  Section 6001 requires generally that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe.

While petitioner testified that he incurred certain expenses, he concluded that he incurred a loss in his business in the amount of $355.  The record shows the transaction from which the loss originated took place in 1996.  The loss is not properly deductible in 1994 or 1995.

Petitioner deducted $728 for "Clothing, Shoes and Maintenance" in 1994. Petitioner testified these expenses were incurred for suits, blazers, shoes, and dry cleaning so that he may dress in an acceptable manner in the insurance business. The expense of uniforms is deductible under section 162(a) if: (1) The uniforms are of a type specifically required as a condition of employment; (2) the uniforms are not adaptable to general usage as ordinary clothing; and (3) the uniforms are not so worn. See Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Beckey v. Commissioner, T.C. Memo. 1994-514. It is clear from petitioner's testimony that the articles of clothing claimed as expenses were adaptable to general use. Therefore, petitioner's clothing expenses are not deductible. The remaining expenses for dry cleaning likewise constitute personal expenses and are not deductible under section 162. See sec. 262.

Petitioner deducted approximately $15,529 for his legal education expenses on his Schedules C for tax years 1994 and 1995. Included in this amount is the cost of travel to California for the taking of law school examinations, examination fees, tuition, books, lodging, and meals. Petitioner combined some of these expenses with other expenses on his Schedules C and, therefore, the amounts claimed are estimates. At trial, petitioner testified he incurred an estimated $10,610 in educational expenses. The only documentation petitioner

presented to substantiate these claimed expenses is a statement from the State Bar of California, showing examination fees paid. Petitioner paid $650 and $300 in examination fees for the 1994 and 1995 tax years, respectively.  It is evident from this statement and petitioner's testimony that the claimed expenses were incurred over the period 1992 through 1997.  Even if we were to find that petitioner substantiated these expenses, and the expenses were incurred in 1994 and 1995, these expenses must be disallowed.  Petitioner's educational expenses are not deductible under section 162 as an ordinary and necessary business expense as these expenditures qualify him for the new trade or business of the practice of law.  See Wu v. Commissioner, T.C. Memo. 1991-100; sec. 1.162-5(b)(3)(i) and (ii) (Ex.1); see also Taubman v. Commissioner, 60 T.C. 814 (1973); Meeks v. Commissioner, T.C. Memo. 1998-109; Meredith v. Commissioner, T.C. Memo. 1993-250; Harper v. Commissioner, T.C. Memo. 1990-239.

Petitioner has not presented any substantiation, with the exception of the above, for any of the expenses claimed. Although petitioner provided the Court with numerous papers, none contained receipts, bills, invoices, records, etc.  Even the documentation that was provided was not for the years 1994 or 1995.  In a previous motion to continue this case before the Court, petitioner testified that his car was broken into and the pertinent documents were taken.  At trial in the instant matter,

petitioner testified that some items were stolen, and the police were unable to provide petitioner with a record of the stolen items. Petitioner provided the Court with a copy of a request for the police report which showed the incident occurred in 1993. The tax years before us are 1994 and 1995, not 1993, so any items stolen should not affect the years in issue. For the foregoing reasons, respondent is sustained on this issue.

2. Unreported Income

A. Insurance Sales

Respondent determined that petitioner received $1,098 in income from United in 1994, which amount petitioner did not include in income. Petitioner concedes that he received this amount as commissions earned.

Gross income means all income from whatever source derived, including (but not limited to) compensation for services, including commissions. See sec. 61(a)(1). Although petitioner concedes he received this amount, he argues that amounts in excess of $1,098 were taken from him by United due to lapsed policies sold by petitioner. Petitioner has not provided this Court with any credible testimony or documentation to establish his assertion. Respondent is sustained on this issue.

B. Retirement Plan Distribution

Respondent determined petitioner received $1,422 during 1994 from a retirement plan distribution, $440 of which respondent

determined to be taxable and includable in income. Petitioner concedes that he received the distribution in this amount.

Petitioner argues that, although he received this income, he used the funds to try to establish his mail order business. Petitioner testified that whatever income he had was spent compiling information for his business. It is not entirely clear from petitioner's testimony the basis he is alleging for exclusion of the funds from income.

Gross income means all income from whatever source derived. See sec. 61(a). Petitioner has not asserted any basis under the tax laws for exclusion of this amount from income. Petitioner must include the amount received in his gross income as provided under section 61(a). Respondent is, therefore, sustained on this issue.

### 3. 10-Percent Additional Tax on Early Distribution From Qualified Retirement Plan

In 1994, petitioner received a retirement distribution in the total amount of $1,422. Respondent determined $440 of this amount to be taxable, and determined a 10-percent additional tax in the amount of $44 due to a premature distribution of petitioner's retirement fund. Section 72(t) provides for a 10-percent additional tax on the taxable amount of an early distribution from a qualified retirement plan. Section 72(t)(2) provides exceptions to the tax for certain types of distributions

from qualified retirement plans.  Using funds received from a distribution in petitioner's business is not encompassed within these exceptions.  See sec. 72(t)(2)(A), (B), and (C). Respondent is sustained on this issue.

4.    Section 6651(a) Addition to Tax

Respondent determined that petitioner is liable for the addition to tax under section 6651(a) for failure to file a timely return for the 1994 taxable year.

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return.  The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof that the return is filed late, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect.  Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985).  A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file his return within the date prescribed by law.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); Estate of Vriniotis v. Commissioner, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect is viewed as a conscious,

intentional failure or reckless indifference to the obligation to file.  See <u>United States v. Boyle</u>, <u>supra</u>.

Petitioner filed his 1994 tax return on May 3, 1996. Petitioner has not provided any explanation for the late filing of the return.  Petitioner has not addressed the issue in his pleadings or his testimony.  Petitioner has not established his late filing of his 1994 Federal income tax return was due to reasonable cause and not willful neglect.  Accordingly, we hold petitioner is liable for the addition to tax under section 6651(a).

We have considered all of petitioner's arguments and, to the extent not discussed above, find them to be without merit.[4]

To reflect the foregoing,

<u>Decision will be entered</u><br><u>for respondent.</u>

---

[4]    Petitioner asserts that respondent has wrongfully assessed and levied Federal and District of Columbia tax refunds granted for the 1997 tax year, while he is a petitioner before this Court.  The record before us demonstrates the levy was applied to petitioner's assessed tax liabilities for tax year 1993, a year not before us.