T.C. Summary Opinion 2001-50

UNITED STATES TAX COURT

VINCENT EKEH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11921-99S.                Filed April 5, 2001.

Vincent Ekeh, pro se.

<u>Dennis R. Onnen</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $2,664 and $818 and accuracy-related penalties of $532.80 and $163.60 for the taxable years 1995 and 1996.

After a concession by respondent,[1] the issues for decision are with respect to each year in issue:  (1) Whether petitioner is entitled to a charitable contribution deduction; (2) whether petitioner is entitled to miscellaneous itemized deductions for employee business expenses; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Kansas City, Kansas, on the date the petition was filed in this case.

The first issue for decision is whether petitioner is entitled to a charitable contribution deduction for each year in issue.  Petitioner claimed deductions for charitable contributions in the amounts of $5,396.45 for 1995 and $2,694.45

---

[1]Respondent concedes that if petitioner is allowed only the standard deduction in lieu of the itemized deductions claimed in 1995 (as determined by respondent), he is not required to include in income a $552.52 tax refund as reported on his 1996 return.

for 1996.  In the statutory notices of deficiency, respondent disallowed the charitable deductions in full because petitioner had not established that the amounts shown were paid during the respective tax years.

A taxpayer is required to maintain records sufficient to establish the amount of his deductions.  See sec. 6001; sec. 1.6001-1(a) and (e), Income Tax Regs.   In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We may estimate a deductible expense only where the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Certain expenses related to travel, entertainment, gifts, and listed property (as defined in section 280F(d)(4)) are additionally subject to the strict substantiation requirements of section 274(d).  See sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 170(a) allows a deduction for charitable contributions made during the taxable year to certain types of organizations if the deductions are verified under regulations

prescribed by the Secretary. Without written records, a deduction for charitable contributions generally is not allowed. See sec. 1.170A-13, Income Tax Regs. In certain circumstances, however, we have applied Cohan v. Commissioner, supra, to allow a deduction even without written records where a taxpayer provides a sufficient basis to estimate the amount of the contributions, such as showing regular church attendance and regular cash contributions thereto. See, e.g., Fontanilla v. Commissioner, T.C. Memo. 1999-156; Meeks v. Commissioner, T.C. Memo. 1998-109, affd. 208 F.3d 221 (9th Cir. 2000); Drake v. Commissioner, T.C. Memo. 1997-487.

Petitioner presented no evidence corroborating the alleged contributions. He testified that the relevant records were in the possession of his former spouse, but he did not explain why he was unable to obtain the records for trial. He attempted to provide an estimate of a portion of these expenses by multiplying an approximate number of times he attended Mass per year by his average weekly contribution, but he was uncertain of even this estimate. Because he failed to establish any regularity in occurrence or extent of the donations from which we could estimate an amount, or to present any reliable evidence indicating he actually made these or other contributions, we uphold respondent's disallowance.

The second issue for decision is whether petitioner is entitled to miscellaneous itemized deductions for employee business expenses in each of the years in issue. Petitioner claimed miscellaneous itemized deductions for employee business expenses in the amounts of $14,875.54 for 1995 and $5,974.66 for 1996. Respondent disallowed the miscellaneous itemized deductions in full because petitioner had not established both that the expenses shown were paid or incurred during the taxable year and that they were ordinary and necessary to his business.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. A taxpayer may be in the trade or business of being an employee. See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). In order for a taxpayer to be engaged in a trade or business, "the taxpayer must be involved in the activity with continuity and regularity". Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). An ordinary expense is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is "appropriate and helpful" for "the development of the petitioner's business," Welch v. Helvering, 290 U.S. 111, 113 (1933). Finally, job search expenses are deductible under section 162(a) to the extent they are incurred in searching for

new employment in the employee's same trade or business.  See

Primuth v. Commissioner, supra.  If the employee is seeking a job

in a new trade or business, however, the expenses are not

deductible under section 162(a).  See Frank v. Commissioner, 20

T.C. 511, 513-514 (1953).

Petitioner's primary source of income during the years in

issue, not including income of his spouse, was from West

Telemarketing in Omaha, Nebraska.  The following sources and

amounts of income were reported on his returns:

|  | 1995 | 1996 |
|---|---|---|
| West Telemarketing | $7,518.69 | $23,405.48 |
| Sitel Corporation | 2,156.60 | -0- |
| Westin Hotels and Resorts | 281.13 | -0- |
| Sharp Personnel Services | 681.50 | -0- |
| Nesco Service Company | 883.88 | -0- |
|  | 11,521.80 | 23,405.48 |

Petitioner failed to establish how expenses he deducted on

his returns were ordinary and necessary expenses in carrying on

his employment at West Telemarketing or at one of the other

companies by which he was employed.  Nor did petitioner establish

the existence of any other business for which the expenses could

have been ordinary and necessary.  Petitioner on occasion paid

"practicing fees" to the Supreme Court of Nigeria; he testified

that he maintained a legal practice in Nigeria, and that the

travel expenses he incurred were primarily in connection with

this practice.  He also testified that a portion of the expenses

was related to (1) his contacting businesses in order to

ascertain their needs regarding recruitment, possibly in connection with an immigration visa service he contemplated providing, and (2) his contacting a bank to ascertain its interest in establishing a money wire transfer service to Nigeria. We find this brief testimony to be insufficient to establish the existence of any continuous and regular activity which constituted a trade or business. See sec. 162(a); Groetzinger v. Commissioner, supra.

On petitioner's returns, he indicated that a portion of the employee business expenses was job search expenses. The nature of the expenses discussed above, however, does not give rise to job search expense deductions because petitioner was not searching for a job within the same trade or business. See Frank v. Commissioner, supra.

We uphold respondent's disallowance of petitioner's claimed itemized deductions for employee business expenses.

The final issue for decision is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations for each of the years in issue. Respondent determined that petitioner was liable for the penalty for an underpayment equal to the total amount of the deficiency in each year in issue.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors,

one of which is negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. See id.

Petitioner's purported substantiation was meager. He presented receipts for various expenses which were not self-evidently employee business expenses and which were not adequately explained as such at trial. The receipts appear to have been haphazardly assembled, and those receipts which were dated in the years in issue (with legible dollar amounts) are far from equal the amount of expenses claimed by petitioner on his returns. Finally, many of the receipts were for travel expenses

and do not meet the strict substantiation requirements of section 274(d).  We hold that the record supports respondent's determination of negligence in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and the concession by respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.