T.C. Memo. 1998-123

UNITED STATES TAX COURT

KAREN L. THORPE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20798-96, 20970-96.[1]     Filed March 30, 1998.

Karen L. Thorpe, pro se.

William J. Gregg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  In these consolidated cases, respondent
determined deficiencies in petitioner's Federal income taxes and
accuracy-related penalties as follows:

_____

[1]The case at docket No. 20798-96 concerns petitioner's
taxable year 1993, and the case at docket No. 20970-96 concerns
petitioner's taxable year 1994.

|      |            | Accuracy-related Penalty |
| Year | Deficiency | Sec. 6662 |
| --- | --- | --- |
| 1993 | $7,686 | $149 |
| 1994 | 8,776 | 1,626 |

After concessions,[2] the issues remaining for decision are: (1) Whether petitioner is entitled to reduce gross receipts in her wholesale activity by certain amounts for cost of goods sold; (2) whether petitioner is entitled to deduct various expenses incurred in her wholesale and consulting activities; (3) whether

---

[2]Petitioner concedes that for the taxable year 1993, she omitted from income interest income from Marbury Associates of $43 and interest income of $44 from Riggs National Bank; wages in the amount of $817 received from Leger Enterprises, Ltd.; and nonemployee compensation income in the amount of $1,215 received from Hanover Capital Partners, Ltd. Petitioner also concedes that she is not entitled to a deduction for professional services expenses in 1993 related to her wholesale activity; travel and entertainment expenses in 1993 and 1994 to the extent that such deductions are comprised of expenses other than telephone, laundry, gas, and tolls; and a charitable contribution expense of $1,000 in 1994 reported on Schedule C in relation to her wholesale activity.

For the taxable year 1993, respondent concedes that petitioner is entitled to deduct car and truck expenses in the amount of $311; tolls in the amount of $5 related to petitioner's wholesale activity; telephone expenses in the amount of $323 related to her consulting activity; and additional charitable contributions in the total amount of $4,803, in addition to the $922 allowed in the notice of deficiency. Respondent also concedes that petitioner is entitled to claim an additional credit in the amount of $109 for withholding tax on income petitioner received from Leger Enterprises, Ltd. in 1993.

For the taxable year 1994, respondent concedes that petitioner is entitled to deduct legal and professional fees related to petitioner's consulting activity in the amount of $205 and charitable contributions in the total amount of $5,855.

petitioner is entitled to itemized charitable contribution deductions in the amounts of $6,472 in 1993 and $6,813 in 1994; and (4) whether petitioner is liable for accuracy-related penalties pursuant to section 6662.[3]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. At the time the petitions were filed, petitioner resided in Norfolk, Virginia.

Prior to the years in issue, petitioner graduated from college and received a bachelor's degree in business administration and accounting. Petitioner worked over 19 years as a national bank examiner and has more than 24 years of professional experience in banking, accounting, and auditing.

During the years in issue, petitioner was engaged in two different activities which she reported on Schedules C, Profit or Loss From Business, of her 1993 and 1994 Federal income tax returns. On Schedules C, attached to her 1993 and 1994 income tax returns, petitioner listed her principal business or profession as "wholesale merchant" and "wholesale sales"

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

(wholesale activity), respectively. In operating her wholesale activity, petitioner purchased merchandise including T-shirts, sweatshirts, and apparel accessories that she sold through mail order advertisements and in person as a street vendor. On separate Schedules C for 1993 and 1994, petitioner listed her second activity as "banking institutions" and "financial consultant" (consulting activity), respectively. In operating her consulting activity, petitioner did financial consulting work for both private banking institutions and Government agencies.

On her Schedules C for 1993 and 1994, petitioner reported the following items of income and expenses related to her wholesale and consulting activities:

|  | Wholesale | | Consulting | |
| --- | --- | --- | --- | --- |
| Description | 1993 | 1994 | 1993 | 1994 |
| Income: | | | | |
| Gross receipts or sales: | $2,000 | $0 | $17,667 | $22,738 |
| Cost of goods sold: | | | | |
| Beginning inventory | (2,450) | (1,392) | 0 | 0 |
| Purchases | (4,700) | (1,613) | 0 | 0 |
| Ending inventory | 1,392 | 150 | 0 | 0 |
|  | (5,758) | (2,855) | 0 | 0 |
| Gross income: | (3,758) | (2,855) | 17,667 | 22,738 |
| Expenses: | | | | |
| Advertising | 575 | 326 | 0 | 0 |
| Car & truck | 4,634 | 1,363 | 1,372 | 5,481 |
| Depreciation | 1,785 | 0 | 0 | 1,288 |
| Insurance | 578 | 200 | 0 | 0 |
| Other interest | 942 | 0 | 0 | 0 |

| | | | | |
|---|---|---|---|---|
| Supplies | 633 | 390 | 0 | 0 |
| Taxes & licenses | 120 | 0 | 0 | 0 |
| Travel | 489 | 200 | 2,751 | 2,940 |
| Meals & entertainment | 100 | 210 | 704 | 1,400 |
| Utilities | 725 | 0 | 0 | 0 |
| Business cards | 47 | 0 | 0 | 0 |
| Dues & publications | 72 | 53 | 0 | 0 |
| Setup fees | 0 | 300 | 0 | 0 |
| Telephone | 0 | 545 | 915 | 947 |
| Small tools | 0 | 200 | 838 | 900 |
| Vendor fees | 0 | 734 | 0 | 0 |
| P.O. Box | 0 | 25 | 0 | 0 |
| Donations | 0 | 2,000 | 0 | 0 |
| Conference/training | 300 | 958 | 0 | 0 |
| Miscellaneous | 612 | 150 | 530 | 176 |
| Professional services | 1,100 | 400 | 1,100 | 650 |
| Total expenses | (12,712) | (8,054) | (8,210) | (13,782) |
| Net profit | (16,470) | (10,909) | 9,457 | 8,956 |

In the notice of deficiency for 1993, respondent disallowed petitioner's cost of goods sold reduction to gross receipts related to petitioner's wholesale activity to the extent that the reduction exceeded gross receipts of $2,000. For the taxable year 1994, respondent disallowed all petitioner's cost of goods sold reduction to gross receipts related to petitioner's wholesale activity. Respondent disallowed all the expenses associated with petitioner's wholesale activity in 1993 and 1994. With respect to petitioner's consulting activity, respondent disallowed $6,029 of expenses deducted by petitioner in 1993 and all the deductions reported by petitioner in 1994.

On Schedules A, Itemized Deductions, petitioner reported gifts to charity of $6,150 in 1993 and $6,313 in 1994 for alleged cash contributions to various organizations. Also on Schedules

A, petitioner reported $322 in 1993 and $500 in 1994 for alleged noncash contributions to various charities. In addition, in 1994 petitioner reported "donations" in the amount of $2,000 on Schedule C in relation to her wholesale activity. In the notices of deficiency, respondent disallowed $5,550 of petitioner's cash contributions in 1993 and disallowed all petitioner's reported contributions, both cash and noncash, in 1994.

Petitioner used the services of Mr. Stephen M. Baker, who prepared petitioner's tax returns for the years in issue.

OPINION

Petitioner testified that she sold merchandise in her wholesale activity at a "markup". Respondent argues that because petitioner sold items at a markup, her sales could not have resulted in a negative gross profit. Respondent determined that petitioner is not entitled to cost of goods sold in any amount in excess of the amount of gross receipts, which were reported on petitioner's returns in 1993 and 1994. Petitioner has failed to produce any evidence to refute the logic of respondent's determination.

Cost of goods sold is an offset to gross receipts in determining business gross income. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987); sec. 1.61-3(a), Income Tax Regs. Although cost of goods sold is not a deduction and,

therefore, not subject to the limitations on deductions found in section 162, any amount allowed as cost of goods sold must be substantiated. Sec. 6001; Ranciato v. Commissioner, T.C. Memo. 1993-536; sec. 1.6001-1(a), Income Tax Regs.

In order to reflect taxable income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the sale of merchandise is an income-producing factor. Cheesman v. Commissioner, T.C. Memo. 1994-509; sec. 1.471-1, Income Tax Regs. At trial, petitioner offered numerous canceled checks and invoices to substantiate inventory purchased during each year. However, petitioner did not offer any evidence to substantiate either the amount or value of her beginning and ending inventory in 1993 and 1994. At the beginning of 1993, petitioner reported an inventory balance of $2,450. During 1993 and 1994, petitioner substantiated purchases of inventory in the amount of $6,313.[4] By the end of 1994, petitioner's Schedule C for her wholesale activity indicated that her inventory was only $150. However, in relation to her wholesale activity, petitioner reported only $2,000 of gross receipts in 1993 and zero gross receipts in 1994. Assuming petitioner sold her inventory at cost during 1993 and 1994, she would have in excess of $6,000 of inventory at the end of 1994,

_____

[4]Petitioner purchased inventory in 1993 and 1994 in the amounts of $4,700 and $1,613, respectively.

provided her inventory did not substantially lose its value.[5] However, petitioner asserts that at the end of 1994 there was only a balance of $150 in inventory.[6] Petitioner made no attempt to substantiate her beginning and ending inventory figures. We do not find petitioner's calculations of cost of goods sold to be reliable, because beginning and ending inventory figures were not supported by evidence. Consequently, petitioner may not reduce her gross receipts by any amount in excess of that determined by respondent in the notices of deficiency.

In the notices of deficiency for the taxable years 1993 and 1994, respondent disallowed various expenses related to petitioner's wholesale and consulting activities. Respondent determined that petitioner did not meet her burden of proof that these expenses were actually incurred.

---

[5]This can be demonstrated by the following calculation:

| | |
|---|---|
| Beginning inventory 1993 | $2,450 |
| Purchases 1993 and 1994 | 6,313 |
| Amount sold (at cost) | (2,000) |
| Ending inventory 1994 | $6,763 (projected) |

This also assumes, though we do not decide, that petitioner's reported amount for beginning inventory was correct.

[6]At trial, petitioner's accountant testified that items sold by petitioner were all sold to various customers at a price from $2 to $10 greater than her cost for the items. If petitioner did sell the inventory at some level of markup, we note that the ending inventory figure would be higher.

- 9 -

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111 (1933). Taxpayers must substantiate the amount of any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001. Entertainment expenses, moreover, must satisfy more stringent substantiation requirements. Sec. 274(d).

At trial, petitioner offered evidence substantiating expenses for 1993 and 1994 in the amounts of $709.39 and $882.64, respectively, for "small tools", which were deducted on Schedules C for her consulting activities. No other substantiation was introduced into evidence for other expenses associated with petitioner's consulting activity. Therefore, petitioner is not entitled to expenses in excess of the above-mentioned expenses for small tools and those expenses allowed by respondent in the notices of deficiency.

With respect to petitioner's wholesale activity, petitioner offered evidence substantiating advertising expenses of $326, which were deducted on her Schedule C in 1994. No other evidence was introduced in regard to other expenses reported by petitioner

on her 1993 and 1994 Schedules C for her wholesale activity. Therefore, in 1994 petitioner is not entitled to expenses in excess of the $326 for advertising expense and those expenses allowed by respondent in the notice of deficiency.

Petitioner claimed itemized charitable deductions in the amounts of $6,472 and $6,813 for the taxable years 1993 and 1994, respectively. Respondent disallowed the expenses in the notices of deficiency. As previously indicated, respondent has conceded a large percentage of these deductions. Respondent contends that any additional amounts of contributions were not properly substantiated. Petitioner now asserts she is entitled to deduct additional amounts not reported on her 1993 Federal income tax return for contributions of property other than money.

Charitable contributions are deductible under section 170 only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1). Under the applicable regulations, contributions of money made in taxable years beginning after December 31, 1982, are required to be substantiated by one of the following: (1) A canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date, and amount of the contribution; or (3) in the absence of a canceled check or receipt, other reliable written records showing the name of the donee, the date, and amount of the contribution. Burrell v.

Commissioner, T.C. Memo. 1994-574; sec. 1.170A-13(a)(1), Income Tax Regs.

If a charitable contribution is made in property other than money, the amount of the contribution is, generally, the fair market value of the property at the time of the contribution. Sec. 1.170A-1(c)(1), Income Tax Regs.  Further, any taxpayer who makes a charitable contribution of property other than money in a taxable year beginning after December 31, 1982, shall maintain for each contribution written records from the donee showing the name and address of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances.  Sec. 1.170A-13(b), Income Tax Regs.  The fair market value of the property is one of the circumstances to be taken into account in determining the amount of detail to be included on the receipt.  Id.

At trial, with respect to contributions of cash in 1993 and 1994, petitioner offered as evidence schedules which summarize entries made in her check registers during each of the years 1993 and 1994.  The schedules list check numbers, dates on which the checks were drawn, the names of the various payee organizations, and the amounts of each check.  In conjunction with the summary schedules, petitioner also submitted as evidence her check registers from 1993 and 1994, which contain entries that correspond to the various amounts appearing on the summary

- 12 -

schedules.  Finally, petitioner submitted a number of checkbooks that contain carbon copies of some of the checks written during the years 1993 and 1994.  We find that petitioner's summary schedules and check registers combined with carbon copies of a number of the checks, qualify as reliable written records showing the name of the donee, the date, and amount of the contribution.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Therefore, petitioner is entitled to deductions for cash contributions of $6,150, the amount shown on her 1993 Schedule A.  Petitioner is also entitled to a deduction of the full amount of cash contributions reported on her Schedule A in 1994 in the amount of $6,313.

With respect to contributions of property other than money, petitioner offered a receipt from the AMVETS National Service Foundation (AMVETS), dated April 1993, which lists various items of property totaling $2,300.  Petitioner offered three other receipts each listing various items of property given to the Salvation Army all within the year 1993.  The three receipts from the Salvation Army purport to assign a total value to the items listed in each receipt of $1,480, $1,003, and $1,657.  Petitioner did not deduct any of the amounts, which are listed on the AMVETS or Salvation Army receipts, on her 1993 Federal income tax return.  Petitioner did not explain why she did not initially deduct these amounts.  Moreover, petitioner testified that she based the values assigned to the items on the AMVETS and

Salvation Army receipts on the original cost of the items. Petitioner did not provide any evidence of the fair market value of the property at the time of the alleged contributions. Because petitioner assigned original cost values to all the items rather than fair market value at the time the items were donated as required by section 1.170A-1(c), Income Tax Regs., petitioner has not established entitlement to a deduction for any of the items listed on the AMVETS or Salvation Army receipts.

Respondent determined that petitioner is liable for accuracy-related penalties under section 6662. Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to one or more of the items set forth in section 6662(b). Respondent asserts that the underpayments in issue are due to petitioner's negligence or disregard of rules or regulations. Sec. 6662(b)(1).

Negligence has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982).

Petitioner was unable to provide substantiation for her beginning and ending inventory values for her wholesale activity. Further, petitioner was unable to provide substantiation for the

majority of expenses she deducted on her Schedules C for 1993 and 1994. Petitioner had many years of experience in auditing and accounting. Although she retained Mr. Baker to prepare her tax returns, petitioner does not assert, and we do not find, that she could reasonably rely on the advice of Mr. Baker as a basis for not maintaining and keeping records to substantiate her inventory balances or various business expense items. Therefore, we sustain respondent's determination and hold that petitioner is liable for the accuracy-related penalties.

Decisions will be entered under Rule 155.