T.C. Memo. 1999-412

UNITED STATES TAX COURT

WAYNE M. AND JANET L. JOHNSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21955-97.                    Filed December 20, 1999.

<u>Wayne M. Johnson</u>, pro se.

<u>Judith Cohen</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined
a deficiency in petitioners' Federal income tax in the amount of
$1,379 for the taxable year 1994.  Respondent also determined
petitioners were liable for an accuracy-related penalty under
section 6662(a) in the amount of $148 for the taxable year 1994.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by the parties,[1] the issues for decision are: (1) Whether petitioners are entitled to deduct an aggregate partnership loss carryover in the amount of $3,313,240 for the 1994 taxable year;[2] (2) whether petitioners are entitled to deduct charitable contributions in the amount of $2,024 for the 1994 taxable year; and (3) whether petitioners are liable for the accuracy-related penalty pursuant to section 6662(a) for 1994.[3] Petitioners filed a timely petition with this Court. At the time of filing the petition, petitioners resided in Yarmouth, Maine.

---

[1] Petitioner Wayne Johnson concedes he is liable for self-employment tax, and respondent concedes petitioners are entitled to a credit for one-half the self-employment tax paid.

[2] Neither party has questioned the Court's jurisdiction to adjudicate the partnership loss in this deficiency proceeding, and we therefore assume that the partnerships are small partnerships within the meaning of sec. 6231(a)(1).

[3] The notice of deficiency contains adjustments to petitioners' medical expense deduction and earned income credit. These are computational adjustments which will be affected by the outcome of the other issues to be decided, and we do not separately address them.

Background

Petitioner Wayne Johnson (hereinafter petitioner) is an attorney. Prior to the year in issue, petitioner was one of three general partners in several partnerships organized under the laws of the State of Maine. Additionally, petitioner was one of three principal shareholders in two subchapter C corporations incorporated under the laws of the State of Maine.[4] These entities were established in 1986 and 1987 for the purpose of purchasing, rehabilitating, and managing inner-city structures in Portland, Maine. The entities incurred substantial recourse debt for the purchase and rehabilitation of the structures, which was financed through Maine Savings Bank and also through section 312 of the Housing Act of 1964, Pub. L. 88-560, 78 Stat. 769, 790, codified at 42 U.S.C. sec. 1452(b) (1988) (repealed by Act of Nov. 28, 1990, Pub. L. 101-625, 104 Stat. 4128). The general partners and shareholders, petitioner included, were required to execute personal guaranties on the debt financed.

After the entities failed to pay the debt incurred, the properties which were purchased by the separate entities were foreclosed upon. An outstanding debt remained after the foreclosure, and the entities defaulted on the debt in 1992. The

---

[4] A fourth partner held a 2-percent interest in the partnerships and corporations.

following table illustrates the amount of the debt outstanding after foreclosure of the properties:

| Entity | Type | Amount Owed | Date of Default |
|--------|------|-------------|-----------------|
| D'Ambra Merc. Enterprises | Subchapter C corp. | $399,394.48 | 7/15/92 |
| D'Ambra Corp. | Subchapter C corp. | 323,845.77 | 7/15/92 |
| Portland Parris Street Associates | Partnership | 200,916.17 | 8/14/92 |
| Marshview Point Partnership | Partnership | 254,868.96 | 7/18/92 |
| Three-Sixty & One One Associates | Partnership | 760,818.57 | 6/18/92 |
| Fifty-Nine Bramhall St. Associates | Partnership | 243,291.23 | 8/14/92 |
| Cumberland Hanover Associates | Partnership | 56,561.28 | 8/14/92 |
| Cumberland Hanover Associates | Partnership | 117,832.76 | 7/31/92 |
| Park Avenue One Associates | Partnership | 974,468.22 | 6/18/92 |
| Total debt owed | ---------- | $3,331,997.44 | -------- |

Petitioner claimed the following losses on his Federal income tax returns as his share of the partnership losses incurred:[5]

| Tax Year | Loss Claimed |
|----------|-------------|
| 1991 | $72,050 |
| 1992 | 3,376,497 |
| 1993 | 3,331,997 |
| 1994 | 3,313,241 |

---

[5] For convenience, all subsequent amounts are rounded to the next highest dollar.

Respondent issued petitioners a notice of deficiency for their 1994 tax year.  In the notice of deficiency, respondent disallowed petitioners' claimed partnership loss carryover and their charitable contribution deduction.  Respondent adjusted petitioners' claimed medical expense deduction and earned income credit due to the increases in petitioners' adjusted gross income.  Respondent determined that petitioners were liable for the self-employment tax and for the accuracy-related penalty. Respondent also determined that petitioners were entitled to a self-employment tax credit.

While no deficiency was determined for 1993, the statement of adjustments attached to the notice of deficiency included adjustments to petitioners' 1993 Federal income tax return.  The adjustments for 1993 consisted of the disallowance of petitioners' claimed partnership loss carryover from 1992, charitable contribution deduction, and medical expense deduction. Respondent also made an adjustment to petitioners' claimed earned income credit for 1993 as a result of the adjustment to petitioners' adjusted gross income.

Discussion

We begin by noting that the Commissioner's determinations are presumed correct.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayers bear the burden of proving that they are

entitled to the claimed deduction. See Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

At the outset, we have determined that we do not have jurisdiction with respect to the adjustments made to petitioners' 1993 Federal income tax return. Respondent did not determine a deficiency in tax for petitioners' 1993 tax year and did not issue a statutory notice of deficiency to petitioners for the 1993 tax year. See secs. 6212, 6213, 7442; Rules 13, 20; <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). However, we shall consider the adjustments to the 1993 tax year to the extent they affect the deficiency for the 1994 tax year.

## 1. Loss Deduction

We note that the parties' arguments as to the deductibility of the alleged losses are based on the assumption that all the losses are related to petitioner's partnership interests. As the entities involved also include subchapter C corporations, we shall discuss the applicable law and analysis as applied to these entities separately.

### A. Partnership Losses

Petitioners claimed a partnership loss in the amount of $3,376,497 for the 1992 taxable year. Petitioners claimed a partnership loss carryover in the amount of $3,331,997 for the 1993 taxable year, and a partnership loss carryover in the amount

of $3,313,241 for the 1994 taxable year. Of these amounts, $723,240 consists of claimed losses related to petitioner's interests in two subchapter C corporations. We shall decide whether petitioners are entitled to a partnership loss carryover in the amount of $2,590,001 in 1994.

Section 6001 requires that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe. To be entitled to a deduction, therefore, a taxpayer is required to substantiate the deduction through the maintenance of books and records.

Petitioner has not established that the entities in question incurred a loss in 1992, or any other year. At most, petitioner has established that the partnership entities defaulted on the debt in the amount of $2,590,001 in 1992. Even if petitioner had established that the partnerships had incurred a loss, petitioner would not be entitled to a flow-through loss deduction as petitioner has not established his bases in his partnership interests.

The determination of a partner's basis in his or her partnership interest must be made before a partner can deduct his or her share of partnership losses because losses cannot reduce a partner's basis below zero. See sec. 704(d); Sennett v. Commissioner, 80 T.C. 825, 829 (1983), affd. 752 F.2d 428 (9th

Cir. 1985); <u>Wilson v. Commissioner</u>, T.C. Memo. 1999-141; sec. 1.704-1(d)(1), Income Tax. Regs. Petitioner has failed to provide any documentation to establish his basis in the respective partnerships. Most of the partnership returns (Forms 1065) have not been filed since the partnerships' inception, nor have the partnerships issued Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., to the partners. The returns that were filed have not been provided to this Court and made part of this record.

Petitioner next argues that he is entitled to deduct a loss based on the worthlessness of his partnership interests. In order for petitioner to be entitled to a loss, he needs to establish the worthlessness of his partnership interest and further must substantiate the value of his partnership interests. Even if petitioner's partnership interests became worthless in 1992, he would not be entitled to a loss deduction because he has not established the value of his partnership interests. As we have previously concluded, petitioner did not present any evidence to establish the amount of his bases in the partnerships. In addition, petitioner did not account for any income, loss, gain, credits, or deductions that are his distributive share as a partner in the partnerships. As petitioner has not established his basis by accounting for his initial and any subsequent contributions to the partnerships, his

share of any partnership income, credits, loss, or deductions, he is not entitled to deduct a loss, as provided by sections 702(a) and 704(d), nor is he entitled to any loss for the alleged worthlessness of his partnership interests. We hold petitioners are not entitled to a partnership loss carryover in the amount of $2,590,001 for 1994.

### B. Subchapter C Corporation Losses

The remainder of petitioners' claimed loss, $723,240, originated from petitioner's interests in two subchapter C corporations. As stated previously, petitioner has not established a loss was incurred by the entities in question. Even if he had, petitioner is not entitled to deduct a loss sustained by the corporation as a subchapter C corporation is not a pass-through entity, such as a partnership.

As to the deductibility of the worthlessness of a taxpayer's stock in a subchapter C corporation, section 165(g) provides for a constructive sale or exchange for worthless stock, which results in the loss' being treated as a capital loss. No such constructive sale or exchange is provided for a partnership interest. See La Rue v. Commissioner, 90 T.C. 465, 484 n.22 (1988). The deductibility of the loss is limited by the provisions of section 1211(b). However, petitioner has not established his basis in the stock. See sec. 6001; Rule 142(a). Therefore, respondent is sustained on this issue.

2.  Charitable Contribution Deduction

Petitioners claimed a charitable contribution deduction in the amount of $2,024 on their 1994 tax return.  Section 170(a) allows as a deduction any charitable contribution which is made within the taxable year.  A charitable contribution is a contribution or gift to or for the use of an organization described in section 170(c).  Charitable contributions are deductible pursuant to section 170 only if verified under regulations prescribed by the Secretary.  See sec. 170(a)(1).

If a charitable deduction is made in property other than money, the amount of the contribution is, generally, the fair market value of the property at the time of the contribution. See sec. 1.170A-1(c)(1), Income Tax Regs.  Further, any taxpayer who makes a charitable contribution of property other than money shall maintain for each contribution written records from the donee showing the name and address of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances.  See sec. 1.170A-13(b), Income Tax Regs.  The fair market value of the property is one of the circumstances to be taken into account in determining the amount of detail to be included on the receipt. See id.; Thorpe v. Commissioner, T.C. Memo. 1998-123.

Petitioner testified that petitioners normally make noncash contributions to Goodwill.  Petitioner provided no specific

testimony as to whether the contributions in issue were in fact made to Goodwill, what the donations specifically consisted of, and the value thereof.  Although petitioner repeatedly asserted that respondent's Appeals Officer "did not give [him] a chance to submit Form 8283", petitioner did not submit Form 8283, or any other type of documentation, to substantiate the claimed deduction.

Petitioner's uncorroborated, vague testimony does not satisfy the substantiation requirements of section 170(a)(1) and section 1.170A-13(b)(1), Income Tax Regs.  Accordingly, we sustain respondent's determination on this issue.

### 3.  Accuracy-Related Penalty

The final issue for decision is whether petitioners are liable for the accuracy-related penalty pursuant to section 6662(a).  Respondent determined petitioners were liable for the accuracy-related penalty under section 6662(a) for 1994.  The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of the rules or regulations.  See sec. 6662(a) and (b)(1).  "Negligence" includes of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c). "Disregard" includes any careless, reckless, or intentional disregard.  Id.

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment. See sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge and education of the taxpayer."

It is the taxpayer's burden to establish he is not liable for the accuracy-related penalty imposed by section 6662(a). See Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Petitioner claimed a loss carryover in the amount of $3,313,240 and a charitable contribution deduction in the amount of $2,024 in 1994 and failed to substantiate the claimed deduction under the requirements of section 6001 and the applicable regulations. Petitioner is an attorney with knowledge of the law. On the basis of the entire record, we conclude that petitioners have not established the underpayment was due to reasonable cause and that

they acted in good faith.  Accordingly, we hold petitioners are liable for the accuracy-related penalty as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.