T.C. Memo. 2000-7

UNITED STATES TAX COURT

DON D. COFFMAN AND DEBRA COFFMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16609-98.                    Filed January 7, 2000.

Don D. Coffman and Debra Coffman, pro se.

<u>Jean Song</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' 1995 Federal income tax in the amount
of $3,851 plus an accuracy-related penalty under section 6662(a)
of $770.20.  Unless otherwise indicated, section references are
to the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Court's Rules of Practice and
Procedure.

After concessions by both parties, the issues to be decided are: (1) Whether petitioners are entitled to a deduction for charitable contributions, (2) whether petitioners are entitled to a deduction on Schedule A for miscellaneous business expenses, (3) whether petitioners are entitled to a deduction under section 179, (4) whether petitioners are entitled to deductions for home office expenses, and (5) whether petitioners are liable for the accuracy-related penalty.

Some of the facts have been stipulated, and they are so found. Petitioners resided in Canyon Lake, California, at the time of the filing of their petition.

Charitable Contributions

Petitioners claimed a deduction for charitable contributions for $3,312, consisting of cash gifts of $412 and $2,900 of gifts other than cash or check. A Form 8283, Noncash Charitable Contributions, was attached to the 1995 return and detailed contributions of four separate groups of property items, the fair market value of which allegedly totaled $2,900. Respondent disallowed the entire claimed deduction. Petitioners now concede that they are not entitled to the deduction for the noncash gifts as set forth on Form 8283, while respondent concedes that petitioners have substantiated $81 of cash gifts.

Petitioner Don Coffman (Mr. Coffman) testified that part of the cash gifts consisted of his estimate of currency that

petitioners contributed when they went to church on Sundays. He maintained no records of such contributions. He did not participate in the church's envelope system whereby the church would have a record of his donations. Mr. Coffman estimated that he gave no less than a $20 bill each time he attended the church. On the other hand, Mrs. Coffman testified with regard to one check in the record that it was given to the church because they did not have any cash at the time. Petitioners have not indicated the manner in which they determined the total amount given to the church.

Charitable contributions are deductible under section 170 only if verified under regulations prescribed by the Secretary. See sec. 170(a)(1). Pursuant to the regulations, contributions of money are required to be substantiated by one of the following: (1) A canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date, and the amount of the contribution; or (3) in the absence of a canceled check or receipt, other reliable written records showing the name of the donee, the date, and the amount of the contribution. See Thorpe v. Commissioner, T.C. Memo. 1998-123; sec. 1.170A-13 (a)(1), Income Tax Regs. Contributions of property other than money are required to be substantiated by a receipt from the donee charitable organization showing the name and address of the donee, the date and location of the

contribution, and a description of the property in detail reasonably sufficient under the circumstances. See Thorpe v. Commissioner, supra; sec. 1.170A-13(b)(1), Income Tax Regs. Where it is unrealistic to obtain a receipt, taxpayers must maintain reliable written records of their contributions. See Daniel v. Commissioner, T.C. Memo. 1997-328; sec. 1.170A-13(b)(1), Income Tax Regs.

On this record, we hold that petitioners have failed to substantiate any gifts of currency to their church.

The second category of charitable contribution consists of seven checks written by Mrs. Coffman totaling $285, to the Temescal Canyon High School. Petitioners' youngest daughter was a senior at the high school. In 1995, the parents and school authorities decided to put on a graduation night party in the form of an amusement park. They secured the services of an individual who worked for the Disney company, who assisted the various committees in designing items for the party. Many parents and neighbors contributed to this function. The students who attended this function had to pay an admission fee, but petitioners' substantiation does not include any payment for admission. Basically, petitioners and other parents were spending money to fund a graduation party for the seniors. Their purpose of using the amusement park theme to prevent "partying and drinking" by the graduates is commendable, but it does not

elevate the cost of the party to a charitable deduction. Respondent is sustained on this issue.

The third category of charitable contributions consists of a check and a credit card slip showing that Mrs. Coffman bought certain items in connection with a rummage sale for the benefit of a children's hospital. Mrs. Coffman could not remember what she bought nor their values. Allegedly, she donated what she purchased back to the hospital, but there is no substantiation of that fact. Under these circumstances no charitable contribution deduction is allowable.

Miscellaneous Business Expenses

Petitioners claim miscellaneous business expenses for job search of $3,527, tax preparation of $124, safety deposit box of $120, and professional dues of $245.22. Mr. Coffman is a technical salesman in the glue industry. Petitioners concede the job-hunting expense item and have adequately substantiated professional expenses of $185 to TAPPI (Technical Association of Paper and Pulp Industry). The claimed deduction for $192 for a subscription to the Los Angeles Times, a newspaper of general distribution, does not qualify as a business deduction. See sec. 262; Wallendal v. Commissioner, 31 T.C. 1249, 1252 (1959). No information was submitted with regard to the tax preparation and safety deposit box.

Section 179

Petitioners filed a Schedule C on which they claimed a section 179 deduction of $7,594. Petitioners agree that the filing of the Schedule C was erroneous and that the claimed deduction should have been claimed on Schedule A as an employee business expense of Mr. Coffman's. Moreover, the $7,594 is conceded as an erroneous combination of two computer printouts, one for $3,758 and one for $3,836, pertaining to the same assets. Therefore, the issue is whether petitioners are entitled to a section 179 deduction for $3,758, with regard to petitioners' cost for a computer of $2,134, a printer/fax of $912, and a desk and chair of $712. After a review of the record, we conclude that petitioners have substantiated the purchase of the desk and chair for use in Mr. Coffman's home office and that they are entitled to a miscellaneous itemized deduction for $712. See sec. 67(a).

Section 162(a) allows deductions for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. An "ordinary" expense is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a "necessary" expense is one that is "appropriate and helpful" for "the development of the petitioner's business", Welch v. Helvering, 290 U.S. 111, 113

(1933). A trade or business includes the trade or business of being an employee. See O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Section 262(a) provides that no deduction shall be allowed for personal, living, or family expenses.

Section 179 provides that a taxpayer may elect to expense in the year placed in service the cost of section 179 property acquired for use in the active conduct of a trade or business. Section 280F(d)(3)(A), however, provides that an employee may not claim a section 179 deduction for listed property unless the employee's use of the listed property is "for the convenience of the employer" and "required as a condition of employment." Listed property includes any computer or peripheral equipment. See sec. 280F(d)(4)(A)(iv).

The "convenience of the employer" and "required as a condition of employment" tests are essentially the same. See Benninghoff v. Commissioner, 71 T.C. 216, 218 (1978), affd. per curiam 614 F.2d 398 (5th Cir. 1980). In order to satisfy the "condition of employment" requirement, the use of the property must be required in order for the employee to perform the duties of his or her employment properly. See sec. 1.280F-6T(a)(2)(ii), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). Whether the use of the property is so required depends on all the facts and circumstances. The standard is an objective one. See

Dole v. Commissioner, 43 T.C. 697, 706 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965). The employer need not explicitly require the employee to use the property. Similarly, a mere statement by the employer that the use of the property is a condition of employment is not sufficient. See sec. 1.280F-6T(a)(2)(ii), Temporary Income Tax Regs., supra. Petitioners have not demonstrated that the acquisition of the computer equipment was for the convenience of Mr. Coffman's employer; therefore, they are not entitled to a section 179 deduction for those assets.

Home Office

Petitioners did not claim a deduction for home office on their 1995 return, which failure petitioners contend was inadvertent. Petitioners now claim that they are entitled to claim home office deductions totaling $6,902 pertaining to Mrs. Coffman's Schedule C business and Mr. Coffman's employment.

Petitioners' 1993 and 1994 Federal income taxes were before this Court in docket No. 22154-97S, for which Summary Opinion 1999-134 was filed on August 5, 1999. In that opinion, we held that Mr. Coffman was entitled to a deduction for home office based upon 9 percent of the qualified expenses as an itemized deduction on Schedule A. We held further that Mrs. Coffman was not entitled to a deduction for a home office expense because of

the provisions of section 280A(c)(5) and the fact that her Schedule C for D.C. Enterprises reflected a loss of $3,311.

In the case involving 1993 and 1994, respondent had not contested the substantiation of the claimed qualified expenses which petitioners used in computing their home office deductions. In the instant case, respondent has agreed to accept the Court's findings for 1993 and 1994; however, respondent contends that petitioners have not substantiated any of the items making up the qualified expenses for purposes of the home office deduction. Petitioners have claimed surprise and were not prepared at trial to substantiate these items. Accordingly, the Court kept the record open for purposes of receiving in evidence copies of petitioners' substantiating documents with respect to insurance and utilities. Interest and taxes were already documented and unchallenged on the 1995 Form 1040 Schedule A.

Subsequently, petitioners filed a motion to supplement the record offering: (1) A revised Form 8829, Expenses for Business Use of Your Home (marked for identification as Exhibit 8-P); (2) two premium statements from Fireman's Fund Insurance Co. (marked for identification as Exhibit 9-P); (3) a bill showing payments for water service, power and sewer for March 1, 1994 through 1996 (marked for identification as Exhibit 10-P); (4) records of fire insurance from Cal-Vet Fire Insurance and TIG Insurance (marked for identification as Exhibit 11-P); (5) 11 pages of canceled

checks reflecting payments of various phone bills and utilities (marked for identification as Exhibit 12-P); (6) 15 pages of telephone bills (marked for identification as Exhibit 13-P); and (7) 17 pages of various receipts and charge card statements purporting to show additional purchases with regard to repairs and maintenance (marked for identification as Exhibit 14-P). Many of these exhibits contained additional material written on them by petitioners. Respondent filed an objection to petitioners' motion to supplement the record. In the main, respondent's objections go to the weight of the proffered evidence and not to its admissibility. However, we sustain respondent's objection with regard to Exhibit 14-P as not being responsive to the Court's order and for lack of foundation. In addition, none of the handwritten material will be considered, as it is testimonial and not self-authenticating. Moreover, the first seven pages submitted with petitioners' cover letter we consider as part of petitioners' motion and not as documentation, inasmuch as they are testimonial; they are not admitted.

With regard to a home office deduction for Mrs. Coffman, we note that her testimony generally supports the conclusion that 9 percent of the home was used by her exclusively for her then business entitled D.C. Enterprises, a dog-grooming and breeding business. For 1995, she reported a net profit from that business of $406. Section 280A(c)(5) requires the allocation of items

which would be allowed as deductions regardless of the business use of the home, such as interest and taxes on the residence, before allocating other items, such as insurance, utilities, repairs, etc. Petitioners reported real estate taxes of $5,311 and mortgage interest of $12,540, 9 percent of which exceeds the net profit reported on Mrs. Coffman's Schedule C. Accordingly, we allow Mrs. Coffman a Schedule C deduction for interest and taxes for the home office expenses of $406, which amount will reduce the itemized deductions on Schedule A.

Similarly, with respect to Mr. Coffman's home office, we allow him 9 percent of the itemized deductions for real estate tax and interest paid, as well as 9 percent of his Southern California Edison expense of $2,246.09 (electricity) and CLPOA expense of $3,709 (property association dues). We further allow a deduction for telephone expense for Mr. Coffman's business line of $81.88. Except for the interest and taxes, the allowable deductions are miscellaneous itemized deductions subject to the limitations set forth in section 67(a). None of the other documentation submitted substantiates deductible items without further testimony and explanation. Petitioners did not make a habit of identifying the purpose of their checks on the memo line.

Section 6662(a)

Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, to exercise ordinary and reasonable care in the preparation of a tax return, and to keep adequate books and records, or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c).

Section 6664(c) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. See sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

Taxpayers are required to keep adequate books and records sufficient to establish the amount of deductions and other items

required to be shown on their returns.  Failure to maintain adequate books and records or to substantiate items properly constitutes negligence.  See sec. 1.6662-3(b)(1), Income Tax Regs.

Notwithstanding petitioners' belief and testimony that they made a good-faith effort to determine their income tax liability, we hold that petitioners are liable for the accuracy-related penalty as it pertains to the issues described above pertaining to the disallowed charitable contributions, job expenses, and section 179 deduction, except as to that portion of the latter relating to the duplication occasioned by the computer error.

Decision will be entered under Rule 155.