T.C. Memo. 2000-366

UNITED STATES TAX COURT

STANLEY JOSEPH JENNINGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8249-98.                    Filed December 4, 2000.

Stanley Joseph Jennings, pro se.

<u>Robert D. Kaiser</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes of $4,982 for 1994, $4,314 for 1995, and $4,381 for 1996, and accuracy-related penalties under section 6662(a) of $994.80 for 1994, $862.80 for 1995, and $876.20 for 1996.

Petitioner contends that he made charitable gifts of cash, property, and articles to be published. Following concessions,[1] the issues for decision are:

1. Whether petitioner is entitled to deduct charitable contributions of $36,960.30 for 1994, $25,028.40 for 1995, and $32,522.32 for 1996, as he contends, zero as respondent contends, or some other amount. We hold that he may not deduct any charitable contributions for the years in issue.

2. Whether petitioner is liable for the accuracy-related penalties under section 6662(a). We hold that he is.

Section references are to the Internal Revenue Code in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner lived in Lima, Ohio, when the petition was filed. He worked for the Ford Motor Co. in the years in issue.

---

[1] Petitioner concedes that he may not deduct amounts that he paid for a banquet for his parents, gasoline, dental care, lawn care, household repairs, and maintenance. In the notice of deficiency, respondent disallowed petitioner's $2,000 IRA contribution for 1996. Petitioner offered no evidence and makes no argument on this issue. Thus, petitioner has conceded this issue. See, e.g., Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. v. Commissioner, 96 T.C. 226, 344 (1991); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988); Money v. Commissioner, 89 T.C. 46, 48 (1987); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986).

A.    Petitioner's Contributions

Petitioner's father was a minister.

Petitioner was the organist for the Grace Apostolic Church in Lima in 1989.  On November 30, 1989 (before the years in issue), petitioner paid $1,700 to buy a speaker for the organ in that church.  He donated the speaker to the church on a date not specified in the record.

Petitioner did not attend church during the years in issue.

Petitioner deposited $4,690.50 at Bank One in Lima, Ohio, on March 8, 1995, to open a savings account (Bank One account).  He wrote in an account register the date and amount of his deposits, the date and amount of his withdrawals, and some of the recipients or uses of his withdrawals from the Bank One account for 1995 and 1996.  The amounts and dates of deposits and withdrawals that petitioner wrote in the account register corresponded to Bank One deposit and withdrawal receipts for 1995 and 1996.  Petitioner wrote dates, descriptions, and amounts of his withdrawals in 1995 and 1996 in the account register as follows:

| Date | Description | Amount |
|------|-------------|--------|

1995
| 12 May | Withdrawal | $400 |
| 19 May | Withdrawal/Tithes Gift | 100 |
| 16 June | Withdrawal/Tithes Gift | 300 |
| 27 June | Withdrawal/Gift B/D Contr. | 300 |
| 7 July | Withdrawal/Tithe Sis. B/D Gift | 400 |
| 14 July | Withdrawal | 200 |
| 28 July | Gift/Withdrawal Bradfield Building Fund | 1,000 |
| 14 Sept | Tithe/Withdrawal World Challenge | 800 |
| 2 Oct | Withdrawal - Tithes | 1,000 |
| 30 Oct | Withdrawal - Contr. | 1,000 |
| 1 Dec | Withdrawal - Tithes Gift | 1,000 |
| 28 Dec | Withdrawal - Tithes contr./gift | 1,000 |
| | | 7,500 |

1996
| 10 Jan | Withdrawal - Gift | 1,000 |
| 2 Feb | Withdrawal/Tithes Gift | 1,000 |
| 3 Apr | Withdrawal | 110 |
| 4 Apr | Tithes/Withdrawal – M-BD Gift | 500 |
| 26 Apr | Withdrawal/Gift | 500 |
| 3 May | Gift/Withdrawal World Challenge | 500 |
| 10 May | Withdrawal | 100 |
| 4 Jun | Contr/Withdrawal Gift | 1,000 |
| 5 July | Tithes/Withdrawal Gift | 700 |
| 17 July | Withdrawal | 150 |
| 5 Aug | Withdrawal B B/D Gift | 200 |
| 6 Sept | Contr/Withdrawal Lou Gehrig's Assoc. | 800 |
| 6 Sept | Withdrawal | 400 |
| 21 Nov | Tithes/Withdrawal Amer. Canc. Assoc. | 700 |
| 25 Nov | Withdrawal/Tithes | 150 |
| | | 7,810 |

Petitioner wrote articles on inspirational, self-help, and similar topics and gave them to Topaz, Inc. (Topaz), which is located in Grand Rapids, Michigan. Topaz published petitioners' articles in the Afro-American Gazette, the African American Magazine, and Take Pride! Community newspaper. Petitioner did not seek or accept compensation for the articles he gave to Topaz. Petitioner spent $154.81 to mail copies of the Afro-

American Gazette, the African American Magazine, and Take Pride!
Community newspaper to organizations (which are not identified in
the record) in Lima and Findlay, Ohio, in 1995.

B.    Petitioner's Income Tax Returns for 1994, 1995, and 1996

Petitioner called his local office of the Internal Revenue
Service (IRS) and spoke to Marlene A. Bunten (Bunten), an IRS
problem resolution officer, sometime between 1990 and 1995.
Bunten told petitioner that he could deduct charitable
contributions on Schedule A of his income tax returns, that
instructions for claiming the deduction were in the booklet that
the IRS provides with his return, and that he would be required
to prove his contributions.  Petitioner told Bunten: "Well, I'm
going to try anyway and see what happens."

On a date not specified in the record, petitioner wrote on a
3" by 3" paper "Tithes/(illegible word) $6074.00 1989 Tabernacle
of God" (the 3" by 3" paper).

Petitioner deducted the following amounts as charitable
contributions for 1994, 1995, and 1996:

| Description | 1994 | 1995 | 1996 |
|---|---|---|---|
| Cash or check[2] | $2,860.00 | $1,418.00 | $8,011.62 |
| Other than cash or check | 0.00 | 0.00 | 0.00 |
| Carryover from prior year | 34,100.30 | 23,610.40 | 24,510.70 |
| Total charitable contribution | 36,960.30 | 25,028.40 | 32,522.32 |

---

[2]  The Schedules A for the years in issue contain the phrase
"cash or check".  However, none of petitioner's contributions
were by check.

OPINION

A. <u>Charitable Deductions</u>

Petitioner contends that he may deduct charitable contributions in the amounts of $36,960.30 for 1994, $25,028.40 for 1995, and $32,522.32 for 1996. Respondent contends that petitioner may not deduct any of those amounts. We agree with respondent primarily because petitioner has not substantiated the contributions as required by section 170(a)(1) (taxpayer must verify claimed contribution under regulations prescribed by the Secretary) and section 1.170A-13(a)(1), Income Tax Regs., and secondarily because he has not shown that he made contributions to organizations described in section 170(c).

1. <u>Cash Contributions During the Years in Issue</u>

Petitioner contends that he may deduct charitable gifts of cash without any documentary proof. We disagree. Petitioner must substantiate the date, amount, and donee of charitable contributions of money with: (a) A canceled check; (b) a receipt from the donee organization; or (c) in the absence of a canceled check or receipt, other reliable written records. See sec. 1.170A-13(a)(1), Income Tax Regs.; see also <u>Coffman v. Commissioner</u>, T.C. Memo. 2000-7; <u>Thorpe v. Commissioner</u>, T.C. Memo. 1998-123.

Petitioner made no contributions by check and had no receipts for any cash contributions during the years in issue.

He testified that he sometimes contributed cash anonymously so that a recipient could not identify him as the donor.

Petitioner points out that Schedule A refers to charitable gifts by "cash or check" and contends that this means that he may deduct cash contributions in the amounts he claims. We disagree. A taxpayer with no canceled checks or receipts must verify charitable contributions with other reliable written records showing the name of the donee, the date, and the amount of the contribution. See sec. 1.170A-13(a)(1)(iii), Income Tax Regs. Factors showing whether a document (other than check or receipt) is adequate to substantiate a charitable gift include the contemporaneous nature of the writing, the regularity of the recordkeeping, and, for small contributions, the existence of any written document or other evidence from the donee organization which shows that it received the gift even if it is not a receipt; e.g., a button, emblem, or other token regularly given by the organization to a donor. See sec. 1.170A-13(a)(2)(i), Income Tax Regs.

Petitioner contends that he may use the 3" by 3" paper and his account register to verify his charitable contributions. There is no evidence showing when petitioner prepared the 3" by 3" paper.[3] Petitioner contends that he wrote the information on

---

[3] On brief, petitioner contends that he prepared the 3" by 3" paper after he spoke to Bunten. There is no evidence that petitioner spoke to her in 1989.

the 3" by 3" paper after he telephoned the church.  However, there is no evidence about when petitioner telephoned the church or to whom he spoke.  Thus, petitioner has not shown that his preparation of the 3" by 3" paper was contemporaneous or part of a regular recordkeeping procedure.  See sec. 1.170A-13(a)(2)(i)(A) and (B), Income Tax Regs.  The 3" by 3" paper does not establish that petitioner made a charitable contribution of $6,074.

Petitioner contends that his account register establishes that he made charitable contributions of $7,500 in 1995 and $7,810 in 1996.  We disagree.  Section 1.170A-13(a)(1)(iii), Income Tax Regs., requires that the name of the donee be shown on the reliable written record.  Petitioner did not list the names of the donees for withdrawals of $7,500 for 1995 and $7,810 for 1996.  He also testified that he contributed unspecified amounts of cash to what he said was the Lou Gehrig's Disease Association through the wife of his former pastor in Chicago because his former pastor had contracted Lou Gehrig's disease.  He also testified that he contributed an unspecified amount of cash to his neighbor who gave it to the American Cancer Society.[4]

---

[4] Petitioner testified that he contributed to the American Cancer Society which is listed in IRS Publication 78.  However, petitioner has no record showing that he made a contribution to the American Cancer Society.  He did not testify when or how much he gave to the American Cancer Society.

Petitioner did not testify when he made those gifts. He has no records or receipts for these contributions.

He listed as donees the Bradfield Building Fund ($1,000 in 1995), World Challenge ($800 in 1995 and $500 in 1996), Lou Gehrig's Disease Association ($800 in 1996), and American Cancer Association ($700 in 1996) as donees. The register shows the dates and amounts of the withdrawals, but not the dates and amounts of contributions.

Petitioner must show that the donees are organizations described in section 170(c). See sec. 170(a)(1). None of the organizations petitioner named were listed in IRS Publication 78, "Cumulative List of Organizations described in Section 170(c) of the Internal Revenue Code of 1986"[5] during the years in issue. Petitioner did not show that the Bradfield Building Fund, World

---

[5] Publication 78, "Cumulative List of Organizations described in Section 170(c) of the Internal Revenue Code of 1986", contains a list of organizations with outstanding rulings or determination letters holding that contributions to these organizations are deductible. The list is not all-inclusive. If an organization is not listed but has received a determination letter from the IRS, contributors are generally permitted to deduct their donations. However, if an organization has not received such a letter, contributors are not permitted to deduct their donations, unless it is an organization described in sec. 170(c)(1); i.e., a State, a possession of the United States, or any political subdivision of the foregoing, or the United States or the District of Columbia.

Challenge, Lou Gehrig's Disease Association,[6] and American Cancer Association are organizations described in section 170(c).

We have allowed charitable deductions for contributions made after 1982 (when section 1.170A-13(a) and (b), Income Tax Regs., applies) where certain facts were present such as contributions to churches which clearly qualify under section 170(c)(2), direct contributions from the taxpayers to the churches, and regular attendance at and giving to the churches. See, e.g., Fontanilla v. Commissioner, T.C. Memo. 1999-156; Meeks v. Commissioner, T.C. Memo. 1998-109; Drake v. Commissioner, T.C. Memo. 1997-487. Those facts are not present here.

We conclude that petitioner may not deduct any of his claimed cash contributions for the years in issue.

2.  Contribution of Articles and Postage

Petitioner contends that he may deduct an unspecified amount for articles and $154.81 for postage during the years in issue as a contribution to Topaz. He contends that Topaz is an organization described in section 170(c)(2). Topaz was not listed in IRS Publication 78 for the years in issue. Petitioner believed that Topaz was a charitable organization because it donated the proceeds from the sale of its magazines and

---

[6]  Amyotrophic Lateral Sclerosis Association, an organization that helps to find a cure for Lou Gehrig's disease, is listed in IRS Publication 78. However, petitioner has not shown that he made contributions to that organization.

newspapers to the American Negro College Fund and provided other scholarships and grants. That does not convince us that Topaz is an organization described in section 170(c)(2).

Petitioner points out that he gave respondent the telephone number for Topaz's chief executive officer and contends that respondent should have verified Topaz's status. We disagree. Petitioner bears the burden of proof. See Rule 142(a).

To be eligible for a charitable deduction for the articles, petitioner must, among other requirements, establish the fair market value of the articles at the time of the contribution and show the method he used to estimate the value. See sec. 1.170A-13(b)(2)(ii), Income Tax Regs. Petitioner did not offer any evidence of the fair market value of the articles. Petitioner said that Topaz's chief executive officer offered to pay him the going rate, but he did not say how much that was. We conclude that petitioner may not deduct any amount for the articles that he gave to Topaz in the years in issue.

3. <u>Excess Charitable Contributions Carried Over From Prior Years</u>

Petitioner testified that he made charitable contributions from 1977 to 1993 totaling more than $40,000 which he did not deduct on any of the tax returns he filed before his 1994 return. He deducted $34,100.30 in 1994, $23,610.40 in 1995, and $24,510.70 in 1996 as excess charitable contributions carried over from prior years.

Petitioner testified that he believes he has contributed more than $40,000 since 1977. The only specific gift that he identified is the speaker for the organ he donated to the church. Petitioner had a receipt for the speaker that he bought on November 30, 1989. However, the receipt does not show that he contributed it or, if he did, when he contributed it. He did not identify any other specific gifts, donees, dates, or amounts, or offer any other evidence substantiating his charitable contributions before 1994.

Petitioner did not show that any amounts qualified as charitable contributions in prior years, or that any excess charitable contributions existed from prior years that were available to be carried over to 1994, 1995, and 1996. See sec. 170(d). We conclude that petitioner may not deduct any charitable contributions carried over from prior years.

### 4. Conclusion

We conclude that petitioner may not deduct any amount as charitable contributions for 1994, 1995, or 1996, or excess charitable contributions carried over to 1994, 1995, or 1996.

### B. Accuracy-Related Penalties for Negligence and Substantial Understatement of Tax

Petitioner contends that he was not negligent because he sought advice from Bunten. We disagree. Bunten told petitioner that he was required to substantiate charitable deductions. Petitioner deducted the amounts without having adequate

substantiation.  Petitioner makes no other argument that he is not liable for the accuracy-related penalty under section 6662(a).  We conclude that petitioner is liable for the accuracy-related penalty for each of the years in issue.

C.    Whether Respondent Should Be Sanctioned

Petitioner contends that we should sanction respondent because he alleges that respondent violated his procedural rights under sections 6001, 6011, 6012(a), and 6703(a), IRS Publication 1, "Your Rights as a Taxpayer", and IRS Privacy Act Notice 609 by failing to explain a document relating to his 1993 tax year (which is not before the Court) and by refusing to settle this case.  We disagree.  Petitioner has not shown that respondent violated his rights in any way.  We conclude that sanctions are not appropriate on this record.

To reflect the foregoing,

Decision will be entered for respondent.